Argued and submitted May 3, affirmed August 21, reconsideration denied
December 11, 1991, petition for review denied February 25, 1992 (312 Or 676)

# F. Owen BLACK, M.D.,
*Petitioner,*

*v.*

## DEPARTMENT OF INSURANCE
## AND FINANCE
and Weyerhaeuser Co.,
*Respondents.*

(WCB 89-17333; CA A65274)

816 P2d 652

Christopher D. Moore, Eugene, argued the cause for petitioner. With him on the briefs were Malagon, Moore & Johnson and James L. Edmunson, Eugene.

Jerry Brown, McMinnville, argued the cause for respondent Weyerhaeuser Co. With him on the brief were Gene Platt and Cummins, Brown, Goodman, et al, McMinnville.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent Department of Insurance

and Finance. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

■ Petitioner, a physician, seeks review of an order of the Director of the Department of Insurance and Finance (director) that he be paid $700 as a fee for deposition testimony in a workers' compensation proceeding.[1] He challenges the validity of OAR 436-10-090(31),[2] the rule under which the fee was calculated. We review the order under ORS 656.704(2) and ORS 183.482 and the challenge to the rule under ORS 183.400(2).[3] We affirm.

Weyerhaeuser Co. deposed petitioner regarding a claim made by one of its employees. The deposition took approximately four hours. Petitioner billed Weyerhaeuser Co. $1,250 for his testimony but was paid only $700 in accordance with OAR 436-10-090(31). Petitioner appealed to the director for an additional payment of $550. The director concluded that the $700 payment was appropriate.

Petitioner asserts that the director is without statutory authority to regulate medical deposition fees and that OAR 436-10-090(31) is invalid. He argues that depositions

---

[1] While review was pending in this court on the Director's initial order, he withdrew his order. On reconsideration, he affirmed his earlier order. Petitioner filed an amended petition for review of the order on reconsideration. That order is the subject of our review.

[2] When these proceedings were instituted, what is now OAR 436-10-090(31) was OAR 436-10-090(21). For convenience, we refer to the rule as OAR 436-10-090(31). It provides:

"Fees and codes for a deposition (includes preparation time):

"a. First hour                                    $300 * * *
"b. Each subsequent hour                  $100 * * *"

[3] ORS 183.400 provides, in part:

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

are not "medical services" within the meaning of ORS 656.245(1)[4] and, therefore, that ORS 656.248(4)[5] does not empower the director to promulgate rules for deposition testimony fees. The director argues, *inter alia,* that OAR 436-10-090(31) is authorized by ORS 656.726(3) and, therefore, is valid.

ORS 656.726(3) provides, in part:

"The director hereby is charged with duties of administration, regulation and enforcement of ORS 654.001 to 656.295, 654.750 to 654.780 and 656.001 to 656.794. To that end, the director may:

"(a)  Make and declare all rules which are reasonably required in the performance of the director's duties."

■      ORS 656.726(3) delegates to the director the authority to promulgate rules that are required to carry out the performance of its duties. A rule promulgated under that statute is valid if it is within the range of discretion allowed by the more general policies of the Workers' Compensation Law. *See Planned Parenthood Assn. v. Dept. of Human Res.,* 297 Or 562, 574, 687 P2d 785 (1984) (citation omitted); ORS 183.400(4)(b). Those policies include the fair and just provision of medical benefits and compensation to injured workers. ORS 656.012. Medical testimony and the payment for it carry out those policies. We hold that ORS 656.726(3) empowers the director to establish rates of payment for medical depositions.

---

[4] ORS 656.245(1) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such *medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services.* The duty to provide such medical services continues for the life of the worker." (Emphasis supplied.)

[5] ORS 656.248(4) provides:

"If no usual and customary fee has been established for a given service or procedure the director may, in compliance with ORS 183.310 to 656.794, promulgate a reasonable rate, which shall be the same within any given area for all primary health care providers to be paid for that service or procedure."

We need not address petitioner's other arguments or assignments of error regarding ORS 656.245 and ORS 656.248.

Affirmed.